```
                                        DOCUMENT
                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK           DATE FILED: _____
```

ANNMARIE FORD,

                Plaintiff,      06 Civ. 7200 (JGK)

    - against -               MEMORANDUM OPINION AND ORDER

CHOICE PERSONNEL, INC. a/k/a CHOICE TEMPORARIES,

                Defendant.

JOHN G. KOELTL, District Judge:

The plaintiff, Annmarie Ford, brings this pro se action for employment discrimination against Choice Personnel, Inc., a/k/a Choice Temporaries ("Choice"), pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. (the "ADA").[1] The defendant moves for summary judgment with respect to the entirety of the Complaint. The plaintiff has failed to respond to the motion. In any event, the Court has carefully reviewed the papers and concludes that the motion is well founded and should be granted.

---

[1] The plaintiff used the standard Complaint form provided by the Pro Se Office of this Court. On the first page of the Complaint, the plaintiff indicated that she was also bringing this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). However, the plaintiff later indicated that she was only alleging discrimination based on a disability, (see Compl. ¶ 7), and nowhere in the Complaint or in any of her prior discrimination complaints attached thereto does she state a claim under Title VII for discrimination based on race, color, gender, religion, or natural origin. Therefore, the Court concludes that this action is brought solely under the ADA.

I

The essence of the Complaint is retaliation. The background facts and procedural history have not been disputed. The plaintiff worked for the defendant, a temporary employment placement agency, from July 2001 until October 2001. On October 11, 2001, the plaintiff voluntarily terminated her employment because she received a call for "extra" casting on a television sitcom. Subsequent to her voluntary termination, the plaintiff filed an application for unemployment insurance benefits with the Department of Labor. The defendant objected to the application, on the grounds that the plaintiff terminated her employment voluntarily without good cause. The Department of Labor issued an initial determination disqualifying the plaintiff from receiving benefits, on the grounds advanced by the defendant. The plaintiff appealed this determination unsuccessfully, and filed successive appeals until the Supreme Court of the State of New York, Appellate Division, Third Department, dismissed the last appeal by Decision and Order dated June 27, 2005. (Deft.'s 56.1 Stmt. ¶¶ 1-8.)

In her Complaint, to which the plaintiff attaches prior complaints that she filed against the defendant with the Office of the New York State Attorney General and the New York State Division of Human Rights, (see Deft.'s Exs. C & D), the plaintiff alleges that the defendant has taken and continues to

take steps to retaliate against her for appealing the initial denial of her application for unemployment insurance benefits by the Department of Labor. Specifically, the plaintiff claims that the defendant has sabotaged her subsequent employment opportunities by disparaging her to employers and potential employers. (See Compl. ¶ 8.) The plaintiff also claims that she is disabled, (see Compl. ¶ 7), specifying in one of the prior complaints that she suffers from a condition called "Marfan Syndrome" that, among other things, affects her gait when she walks. (See Deft.'s Ex. D.) She further claims that during her period of employment with the defendant, the defendant perceived her as mentally deficient. (See Compl. ¶ 7.)

II

A

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential

Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is appropriate if it appears that the nonmoving party cannot prove an element that is essential to the nonmoving party's case and on which it will bear the burden of proof at trial. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Celotex, 477 U.S. at 322; Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences

against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. T.R.M. Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its initial burden of showing a lack of a material issue of fact, the burden shifts to the nonmoving party to come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998); Singh v. New York City Off-Track Betting Corp., No. 03 Civ. 5238, 2005 WL 1354038, at *1 (S.D.N.Y. June 8, 2005).

Where, as here, a pro se litigant is involved, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 279 (2d Cir. 1999) (courts "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments

5

that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). In particular, the pro se party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. See McPherson, 174 F.3d at 281; Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-21 (2d Cir. 1999); Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

In this case, the defendant provided the plaintiff with a "Notice to Pro Se Litigant" as required by Local Rule 56.2 which sets out the responsibilities of the pro se plaintiff in responding to a motion for summary judgment.[2] In addition, when the plaintiff failed to respond to the motion, the Court issued an Order dated October 31, 2008, extending the time for the plaintiff to respond to the motion until November 17, 2008 and advising the plaintiff that, if the plaintiff did not respond by that date, the Court would decide the motion based on the papers

---

[2] The defendant indicates in its "Notice to Pro Se Litigant" that pursuant to Local Rule 56.2, it attached the full text of Fed. R. Civ. P. 56 and Local Rule 56.2 to the Notice. The Court's records do not reflect that a copy of those rules was attached to the Notice. However, even if the defendant failed to attach a copy of the rules to its Notice, this omission would not require denial of the defendant's motion, because in light of the Notice provided by the defendant and the October 31, 2008 Order of this Court, it is plain that the plaintiff had sufficient notice of the motion. See Sawyer v. Am. Fed'n of Gov't Employees, AFL-CIO, 180 F.3d 31, 35 (2d Cir. 1999) ("[T]he issue in each case remains whether from all of the circumstances . . . it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it."); see also Covello v. Depository Trust Co., 212 F. Supp. 2d 109, 116 (E.D.N.Y. 2002).

that had been submitted. The plaintiff did not respond to the motion and has been given more than adequate notice of the motion and the requirements for responding.

B

The ADA provides: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Retaliation against any individual who has asserted rights under the ADA is prohibited. See 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.").

A retaliation claim brought pursuant to the ADA is governed at the summary judgment stage by the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002); Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir.

7

1999). Under the McDonnell Douglas test, the plaintiff carries the initial burden of establishing a prima facie case of retaliation. See, e.g., Taitt v. Chemical Bank, 849 F.2d 775, 777 (2d Cir. 1988). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions; if it does so, then the plaintiff has the ultimate burden of persuasion to show that the reasons proffered by the defendant were not the defendant's true reasons, but rather a pretext for discrimination. Id.

To make out a prima facie case of retaliation, the plaintiff must establish that (1) the employee was engaged in an activity protected by the ADA; (2) the employer was aware of that activity; (3) an employment action adverse to the plaintiff occurred; and (4) there existed a causal connection between the protected activity and the adverse employment action. Sarno, 183 F.3d at 159 (collecting cases).

III

In connection with its motion for summary judgment and pursuant to the Local Civil Rules of this Court, the defendant has submitted a Local Rule 56.1 Statement of Uncontested Material Facts based primarily on the Declaration of the defendant's President, Steven Klein. On the basis of these facts, the defendant denies the allegations in the Complaint

8

entirely. The facts submitted by the defendant indicate that the defendant has not made any attempt to dissuade potential employers from hiring the plaintiff, or to disparage the plaintiff to potential employers. They further indicate that the defendant has not even communicated with any employers or potential employers about the plaintiff since her last day of employment with the defendant on October 11, 2001. (Deft.'s 56.1 Stmt. ¶¶ 19-20.) According to Mr. Klein, the defendant did not believe that the plaintiff was insane, and never communicated to anyone that the plaintiff was insane. Mr. Klein also submits that the defendant had no knowledge of the plaintiff's alleged disability during her employment with the defendant, and still has no such knowledge. (Deft.'s 56.1 Stmt. ¶¶ 26-27.)

The plaintiff has failed to come forward with any facts to support her allegations. She has failed to proffer any admissible evidence that the defendant took an adverse employment action against her in retaliation for her exercising any rights under the ADA, or based on her disability. Indeed, the plaintiff has failed even to proffer any admissible evidence that she was disabled during the course of her employment with the defendant. The plaintiff's only submissions are her Complaint in this action and her prior discrimination complaints against the defendant which she attaches to the Complaint.

9

In short, since filing her Complaint in this action, the plaintiff has done nothing to advance her claim, despite express notice by this Court and by the defendant of the consequences of failing to respond to the motion for summary judgment. (See No. 06 Civ. 7200, Oct. 31, 2008 Order; Deft.'s Local Rule 56.2 Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment.) Reliance on the pleadings alone is not sufficient to oppose a motion for summary judgment. The only facts in the record are those submitted by the defendant, and the plaintiff has not contradicted those facts with any submissions of her own. Therefore, the plaintiff cannot make out a prima facie case of retaliation under the ADA, and her claim must be dismissed.

It is unclear from the face of the Complaint whether the plaintiff also alleges discrimination by means of conduct other than retaliation. (Compare Compl. ¶ 4 (indicating that discrimination occurred through retaliation and "other acts") with Compl. ¶ 8 (alleging only retaliation in describing her claim).) However, because the plaintiff has failed to produce any evidence that she was disabled or that she was discriminated against during her employment with the defendant, any non-retaliation claims of discrimination based on her disability also fail. See, e.g., Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 149-150 (2d Cir. 1998) (explaining that to

10

make out prima facie case of discrimination based on disability, plaintiff must establish, among other things, that she suffers from disability and that she was discriminated against because of disability); Bresloff-Hernandez v. Horn, No. 05 Civ. 0384, 2007 WL 2789500, at *5 (S.D.N.Y. Sept. 25, 2007) (same).

CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment, Docket No. 27, is **granted**. The Clerk is directed to enter judgment dismissing the Complaint and closing this case on the docket.

SO ORDERED.

Dated:   New York, New York
         January 6, 2009

                                            John G. Koeltl
                                     United States District Judge

11